UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BD PERFORMING ARTS,<br><br>  Plaintiff,<br><br>  v.<br><br>B.A.C. MUSICAL INSTRUMENTS, LLC, et al.,<br><br>  Defendants. | Case No. 22-cv-02050-JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND AND TAKING MOTION TO DISMISS UNDER SUBMISSION**<br><br>Re: Dkt. Nos. 44, 47 |

This matter comes before the Court upon consideration of the motion for leave to amend filed by Plaintiff BD Performing Arts ("Plaintiff"), and the motion to dismiss filed by Defendants B.A.C. Musical Instruments, LLC ("B.A.C.") and RMI, LLC ("RMI") (collectively "Defendants").[1]  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes the motions are suitable for disposition without oral argument. The Court VACATES the hearing scheduled for June 24, 2022.

**BACKGROUND AND ANALYSIS**

Plaintiff filed its initial complaint on March 30, 2022 alleging Defendants violated the Lanham Act, the Tariff Act, and California's Unfair Competition Law, and brought a claim for common law unfair competition.  On April 4, 2022, Plaintiff filed a motion for a temporary restraining order.  The Court denied that motion, without prejudice, on April 25, 2022.  The relevant facts underlying this dispute are set forth in that Order, and the Court will not repeat them here.  (*See* Dkt. No. 43, "Order" at 1:20-4:18.)

---

[1]  Defendant Tianjin Jinbao Musical Instruments Co., Ltd. ("Jinbao"), a Chinese corporation, has not yet appeared.

On April 29, 2022, Defendants filed a motion to dismiss on the ground that forum selection clauses in two agreements require this case to be heard in Kansas. Fourteen days later, on May 13, 2022, Plaintiff filed its motion for leave to file an amended complaint. Plaintiff has amended to, *inter alia*, limit its claims to instruments manufactured and sold by Defendants after December 31, 2020, when an agreement between Plaintiff's defunct subsidiary and Jinbao expired. (*See* Proposed First Amended Complaint ¶¶ 2, 6.)

Federal Rule of Civil Procedure 15(a)(1)(B) expressly permits a plaintiff to amend as a matter of right within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendants have not filed a responsive pleading and do not move to dismiss under Rule 12(b). Even if they had, Plaintiff filed its motion fourteen days after Defendants moved to dismiss.[2] Although Plaintiff filed its motion out of an abundance of caution, under Rule 15 it was entitled to amend as a matter of right. Therefore, the Court does not address whether the amendment would be futile. *See, e.g., Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1007 (9th Cir. 2015) ("[I]tit is clear that we routinely have viewed Rule 15(a)(1)'s ability to amend as a right, one which is exhausted or limited only by the restrictions set forth in the Rule itself.").

Accordingly, the Court GRANTS Plaintiff's motion. Although the Court could treat the motion to dismiss as moot, Defendants have argued that the FAC also must be dismissed based on *forum non conveniens*. Accordingly, the Court will analyze that motion based on the FAC, takes the motion under submission and will issue a ruling in due course.

**IT IS SO ORDERED**.

Dated: June 17, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[2] The cases on which Defendants rely the motion did not address a situation where the Plaintiff was entitled to amend as a matter of right, and the Court finds them distinguishable on that basis.