UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BD PERFORMING ARTS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B.A.C. MUSICAL INSTRUMENTS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02050-JSW<br><br>**ORDER DENYING MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Re: Dkt. No. 44 |

　　　　This matter comes before the Court upon consideration of the motion to dismiss filed by Defendants B.A.C. Musical Instruments, LLC ("B.A.C.") and RMI, LLC ("RMI") (collectively "Defendants").[1]  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES Defendants' motion.

### BACKGROUND AND ANALYSIS

　　　　Plaintiff, BD Performing Arts ("Plaintiff"), filed its initial complaint on March 30, 2022. It alleges that by making and selling instruments bearing Plaintiff's "System Blue" trademark, Defendants violated, *inter alia*, the Lanham Act, the Tariff Act, and California's Unfair Competition Law.  On April 4, 2022, Plaintiff filed a motion for a temporary restraining order. The Court denied that motion, without prejudice, on April 25, 2022.  The relevant facts underlying this dispute are set forth in that Order, and the Court will not repeat them in detail here.  (*See* Dkt. No. 43, "Order" at 1:20-4:18.)

　　　　The facts relevant to the current motion pertain to a Distribution and Marketing Services

---

[1] Defendant Tianjin Jinbao Musical Instruments Co., Ltd. ("Jinbao"), a Chinese corporation, has not yet appeared.

1  Agreement ("DMSA") that Plaintiff's former subsidiary, Azulo, Inc. ("Azulo"), entered into with
2  the Defendants. The DMSA contains a forum selection that provides that "[a]ny dispute regarding
3  this Agreement shall be brought in the District Court of Johnson County, Kansas, or the Federal
4  Court located in Kansas City, Kansas." (Dkt. No. 44-1, Declaration of Greg Wohler ("Wohler
5  Decl., ¶ 3, Ex. A (DMSA, § 9.2.)

6  On that same date, Plaintiff entered into a separate agreement with Defendants entitled
7  "Commitment of Intellectual Property Rights Agreement" ("IP Agreement"). (Wohler Decl., ¶ 4,
8  Ex. B (IP Agreement).) The IP Agreement provides that Plaintiff "will benefit as a result of the"
9  DMSA. (*Id.* at 1.) It also contains forum selection clause that provides that "[a]ny dispute
10 regarding this Agreement shall be brought in the District Court of Johnson County, Kansas[.]"
11 (*Id.* § 2.)

12 Based on those clauses, Defendants moved to dismiss on the grounds of *forum non*
13 *conveniens*. On May 13, 2022, Plaintiff filed a motion for leave to file an amended complaint
14 ("FAC"). The Court granted that motion on June 17, 2022 and took Defendants' motion to
15 dismiss under submission stating it would rely on the allegations in the FAC to resolve motion.

16 The Court will address additional facts as necessary in its analysis.

## ANALYSIS

18 The forum selection clauses at issue provide for both federal and state fora. "Forum
19 selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party
20 opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is]
21 invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci America, Inc.*,
22 858 F.2d 509, 514 (9th Cir. 1988) (emphasis and brackets in original) (citing *M/S Bremen v.*
23 *Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

24 In general, a motion to transfer venue is the appropriate vehicle to enforce "forum-
25 selection clauses that point to a particular federal district," and "the appropriate way to enforce a
26 forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non*
27 *conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 59-60
28 (2013); *see also Livingston v. Pneu-Logic Corp.*, No. 20-cv-07155-JCS, 2021 WL 1375903, at *3

(N.D. Cal. Apr. 12, 2021). Under either approach, "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine*, 571 U.S. at 61.[2]

In contrast to the balancing test used under Section 1404(a), which considers public and private factors, when a forum selection clause is involved, a "plaintiff's choice of forum merits no weight" and a district court may consider arguments about public-interest factors only." *Id.* at 63-64. Thus, if the forum selection clauses are enforceable, the Court considers "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6.

Plaintiff argues the forum selection clause in the DMSA cannot be enforced because it is not a party to that agreement and argues that neither clause applies to the amended claims in this dispute, which only relate to the manufacture and sale of instruments made after Plaintiff's agreement with Jinbao expired on December 31, 2020. Because the Court concludes the latter argument is dispositive, it does not address whether Plaintiff should be bound by the clause in the DMSA.

The Court is not persuaded by Plaintiff's argument that the term "regarding" should be construed narrowly. *See, e.g., Litton Fin. Printing Div., a Div. of Litton Bus. Sys. v. N.L.R.B.*, 501 U.S. 190, 193-94 (1991) (describing an arbitration agreement using the phrase "[d]ifferences that may arise between the parties hereto regarding this Agreement and any alleged violations of the Agreement" as "broad"); *see also Radcliff v. San Diego Gas & Elec. Co.*, No. 20-cv-01555-H-MSB, 2020 WL 6395677, at *3 (S.D. Cal. Nov. 2, 2020) (citing cases). When a forum selection clause is drafted broadly, it "reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract" and the

---

[2] Federal law generally governs the interpretation of forum selection clauses. *Manetti-Farrow*, 858 F.2d at 513. Although the forum selection clauses also contain choice of law provisions, the parties agree that there are no material differences between Kansas law and federal law on the enforceability of such clauses. *See, e.g., TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 416 F. Supp. 2d 1054, 1074 (D. Kan. 2006) (citing cases).

3

allegations "need only touch on matters covered by the contract." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

Although the Court is not persuaded by Plaintiff's argument that the clauses should be construed narrowly, the Court concludes the amendments demonstrate that the conduct in question is not sufficiently connected with the DMSA and the IP Agreement to conclude that the defenses will "touch upon" those agreements. *See, e.g., Zaitzeff v. Peregrine Fin. Grp.*, No. CV 08-2874-MMM (JWJx), 2008 WL 11408422, at *8 (C.D. Cal. June 23, 2008) ("[A] claim may fall within the scope of a forum selection clause even if it is related only to a defense[.]") (citing *John Wyeth & Bro. Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076 (3rd Cir. 1997)).

Accordingly, the Court DENIES Defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated: September 7, 2022

_____
JEFFREY S. WHITE
United States District Judge